### HAIGHT & FREESE CO. v. McCOACH.

(Circuit Court, E. D. Pennsylvania. March 16, 1905.)

#### No. 68.

INTERNAL REVENUE—SUIT TO RECOVER TAXES PAID—STATEMENT OF CLAIM.

A statement of claim in a suit against a collector to recover internal revenue taxes assessed and collected from plaintiff as a broker under War Revenue Act June 13, 1898, c. 448, § 1, 30 Stat. 448, as amended by Act March 2, 1901, c. 806, § 1, 31 Stat. 938 [U. S. Comp. St. 1901, p. 2286], on the ground that plaintiff was not subject to such taxes, should set out the transactions on account of which they were assessed.

On Rule for More Specific Statement.

F. B. Bracken, for plaintiff.

John C. Swartley and J. Whitaker Thompson, for defendant.

HOLLAND, District Judge. On this rule to show cause why a more specific statement should not be filed we are of opinion that the defendant's objections 3 and 5 are well founded. The plaintiff alleges that William McCoach, collector of internal revenue in this district, collected $1,001.56 from it as a broker, class 2, in accordance with the provisions of Act June 13, 1898, c. 448, § 1, 30 Stat. 448, as amended by Act March 2, 1901, c. 806, § 1, 31 Stat. 938 [U. S. Comp. St. 1901, p. 2286], and that the assessments against the plaintiff were entered on a certain schedule or assessment list, which was, pursuant to the provisions of law, forwarded by the said commissioner of internal revenue to the office of the collector of internal revenue for the First United States Internal Revenue Collection District of the state of Pennsyl-

vania, with instructions to said collector to make collections from the plaintiff of the amount of the taxes so assessed thereon.

There is a general denial of liability for taxes of any kind under the sections referred to in the statement, but there is no specific statement of the transactions upon which the assessment of 2 per cent. was made. It must be assumed that the collector of internal revenue levied and collected a tax on certain transactions, and that the plaintiff was notified upon what the tax was levied. When it alleges that the tax was illegally collected, and seeks to recover, we think it should state the specific transaction upon which the tax was levied and collected, so that the defendant can know how to answer.

There are six reasons assigned by the defendant why the plaintiff's statement is insufficient. Of these the third and fifth are sustained. The others are overruled, and the plaintiff is given leave to amend its statement by filing a schedule of amounts and of property or transactions upon which it claims an illegal assessment and collection of taxes from it by the defendant.